IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATERINA VARRASSO                          :
            Plaintiff,                         :
                          :
                          :    No.    2:17-cv-01226-NBF
             v.                               :
                          :
HOME DEPOT U.S.A., INC. and                :
MASTERBRAND CABINETS, INC.                 :
            Defendants.                        :
_____

### DEFENDANTS HOME DEPOT U.S.A., INC. AND MASTERBRAND CABINETS, INC.'S BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**I.**     **INTRODUCTION**

Plaintiff, Caterina Varrasso ("Plaintiff"), brought this action against Home Depot U.S.A., Inc. ("Home Depot") Masterbrand Cabinets, Inc. ("Masterbrand") (collectively, "Defendants") alleging that Defendants did not deliver kitchen cabinets with the correct finish and wood type that Plaintiff ordered. However, Plaintiff cannot maintain a cause of action against Defendants because she accepted the cabinets under the Pennsylvania Uniform Commercial Code ("UCC"). Therefore, summary judgment should properly be entered in favor of Defendants and against Plaintiff.

**II.**     **FACTS**

Plaintiff purchased certain kitchen cabinets for her property at 4769 Oakhurst Drive, Gibsonia, PA 15044 ("Property") from Home Depot in April 2016. Doc. 1, Complaint ¶ 11, 14. Plaintiff paid $22,561.61 for the cabinets. Doc. 1, Complaint ¶ 14. The cabinets were delivered to the Property in early June 2016. Doc. 1, Complaint ¶¶ 20-22. Plaintiff hired Sismour General Contractors to install the cabinets. Doc. 1, Complaint ¶ 23. Sismour General Contractors installed the cabinets on August 4, 2016. Doc. 1, Complaint ¶ 23. After the cabinets were installed, Plaintiff allegedly discovered that the cabinets were of the wrong wood type and

1

finish.[1]  Doc. 1, Complaint ¶ 26.  Plaintiff discovered the alleged incorrect cabinets by simply looking at the cabinets.  Doc. 1, Complaint ¶ 26.

Plaintiff filed her Complaint on or about August 11, 2017 in the Allegheny County Court of Common Pleas, which Home Depot removed to this Court on or about September 20, 2017. The Complaint contains two causes of action: Breach of Contract and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  Doc. 1, Complaint ¶ 42-59.

### III.    ARGUMENT

#### A.    Standard of Review.

The standard for a summary judgment motion is well settled.  This Court has outlined the standard as follows:

> Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The parties must support their respective position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In other words, summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). "When confronted with cross-motions for summary judgment, the 'court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.' " *Anderson v. Franklin Inst.*185 F. Supp. 3d 628, 635 (E.D. Pa. 2016) (quoting *Schlegel v. Life Ins. Co. of N. America*, 269 F. Supp. 2d 612, 615 n. 1 (E.D. Pa. 2003); Charles A. Wright, Arthur R. Miller et al., 10A Fed. Prac. and Proc. § 2720 (3d ed. 1998)).

---

[1] Home Depot contends that the cabinets had the correct finish and wood type.  However, for the purposes of this summary judgment motion, it must be assumed as true that the cabinets had the incorrect finish and wood type.

In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. *See Anderson*, 477 U.S. at 255; *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir. 2004); *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 247-48. An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. *See id.* "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita,* 475 U.S. at 587; *Huston*, 568 F.3d at 104.

*Sokol v. Clark*, CV 16-1477, 2017 WL 5626199, at \*2 (W.D. Pa. Nov. 22, 2017).

    **B.**    **Plaintiffs' Complaint fails because she accepted the cabinets pursuant to the UCC.**

Defendants' sale of cabinets to the Plaintiff is governed by the UCC as it is a transaction in goods.  13 Pa.C.S. § 2102.  The UCC provides as follows regarding acceptance of goods:

(a) General rule.--Acceptance of goods occurs when the buyer:

(1) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity;

(2) fails to make an effective rejection (section 2602(a) ), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

(3) does any act inconsistent with the ownership of the seller; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

13 Pa.C.S. § 2606.

3

Once a buyer accepts goods, the buyer no longer has the right to reject them as nonconforming. 13 Pa.C.S. § 2607; *Marjam Supply Co. v. BCT Walls & Ceilings, Inc.*, CIV.A. 02-CV-2890, 2003 WL 21497515, at \*4 (E.D. Pa. June 26, 2003).

In *Marjam Supply*, BCT Walls & Ceilings, Inc. ("BCT") purchased certain goods for a construction project including studs for walls. *Id*. at \*1. When Marjam Supply was not paid for goods it supplied, it filed suit against BCT. *Id*. BCT defended the case by arguing that it was not obligated to pay for the goods because the goods were non-conforming. *Id*. at \*3. Specifically, BCT alleged that the studs did not have the correct flanges and were of the incorrect gauge. *Id*. However, despite the alleged nonconformity, BCT  installed the studs and did not alert Marjam Supply of the nonconformity until after the studs were installed. *Id*.

Applying UCC § 2606, the Court held that "by installing the studs in the building, BCT signified to Marjam Supply either that the goods were conforming or that it would accept them in spite of their non-conformity." *Id*. at \*4. The Court further noted that BCT did not inspect the studs before installing them to verify they were correct. *Id*. The Court noted that BCT would have only needed to measure a sample of the studs to discover the defect. *Id*. "By installing [the studs] without this inspection, BCT accepted the studs." *Id*.

Likewise, in *Marbelite Co. v. City of Philadelphia*, 222 A.2d 443 (Pa. Super. 1966), the City of Philadelphia purchased certain traffic signal equipment from Marbelite that it subsequently installed. *Id*. at 444. Marbelite filed suit when the City of Philadelphia did not pay for the goods and the City of Philadelphia argued that it was not obligated to pay because the equipment did not meet specifications. *Id*. Applying UCC § 2606, the Pennsylvania Superior Court held that by installing the equipment, the City of Philadelphia accepted the equipment. *Id*. ("We believe the use of the equipment by defendant is patently inconsistent with the seller's

4

ownership and, therefore, constitutes acceptance under the Uniform Commercial Code: Lang v. Fleet, 22 Pa.Dist. & Co.R.2d 361, affirmed per curiam F. W. Lang Co. v. Fleet, 193 Pa.Super. 365, 165 A.2d 258").

Numerous decisions from sister states likewise hold that installation of goods constitutes acceptance.[2] *Cervitor Kitchens, Inc. v. Chapman*, 82 Wash.2d 673, 676, 513 P.2d 25, 26 (1973) (installation of kitchen units constitutes acceptance); *U. S. for Use of Fram Corp. v. Crawford*, 443 F.2d 611, 613 (5th Cir. 1971) (citing *Marbelite* and holding that the installation of heavy equipment constitutes acceptance obligating the buyer to pay for the goods); *Matter of Barney Schogel, Inc.*, 12 B.R. 697, 712 (Bankr. S.D.N.Y. 1981) (installation of 262 windows coupled with failure to discover defects which should have been discovered before installation constitutes acceptance); *U.S. for Use & Benefit of Whitaker's Inc. of Sumter v. C.B.C. Enterprises, Inc.*, 820 F.Supp. 242, 247 (E.D. Va. 1993) (installation of cabinets constitutes acceptance); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F.Supp.2d 805 (S.D. Tex. 2013) (installation and use of seals in gearboxes constitutes acceptance).

In the present matter, Plaintiff installed the cabinets she purchased from Defendants. Plaintiff could have easily discovered the alleged incorrect finish and wood type by simply looking at the cabinets before they were installed, which is how Plaintiff ultimately discovered the alleged incorrect finish and wood type. Additionally, Plaintiff had the cabinets for two months before she installed them, affording her more than sufficient time to inspect. Plaintiff's failure to inspect the cabinets, and her installation of the cabinets, constitutes acceptance under

---

[2] This Court may look to decisions of other jurisdictions for guidance in the context of the UCC because "one of the stated purposes of the UCC is to make uniform the law among the various jurisdictions." *Commercial Nat. Bank, of Pennsylvania v. Seubert & Associates, Inc.*, 807 A.2d 297, 303 (Pa. Super. 2002); 13 Pa.C.S. § 1102(b)(3). The Pennsylvania Supreme Court has stated that "[w]hile it is a truism that decisions of sister states are not binding precedent on this Court, they may be persuasive authority, and are entitled to even greater deference where consistency and uniformity of application are essential elements of a comprehensive statutory scheme like that contemplated by the [UCC]." *Com. v. Nat'l Bank & Tr. Co. of Cent. Pennsylvania*, 364 A.2d 1331, 1335 (Pa. 1976).

UCC § 2606.  Therefore, summary judgment should properly be entered in favor of Defendants and against Plaintiff.

## IV.   **CONCLUSION**

Plaintiff cannot succeed on her Complaint against Defendants because she accepted the cabinets by installing the cabinets after she had an opportunity to discover any alleged nonconformity.  This Court should properly grant summary judgment in favor of Defendants and against Plaintiff.

HIGH SWARTZ LLP

By:_____
Kevin Cornish, Esquire
kcornish@highswartz.com
40 East Airy Street
Norristown, PA 19404
610-275-0700
610-275-5290 (fax)
Counsel for Defendants
Home Depot U.S.A., Inc. and
Masterbrand Cabinets, Inc.

Date: April 18, 2018

6