## JURISDICTION AND VENUE

10.     This action arises under the laws of the Commonwealth of Pennsylvania and is within the subject matter jurisdiction of this Court pursuant to 42 Pa.C.S.A. § 931.

11.     This Court has personal jurisdiction over Defendants in that Defendants regularly conduct and continue to conduct business in and throughout the Commonwealth of Pennsylvania, including, but not limited, to Allegheny County, Pennsylvania.

10.     Venue is proper in this County, as the cause of action against Defendants arises out of transactions and occurrences which took place in Allegheny County, Pennsylvania.

## FACTUAL BACKGROUND

11.     Prior to April of 2016 Varrasso determined that she wished to purchase cherry wood kitchen cabinets for her home at 4769 Oakhurst Ave Gibsonia Allegheny County, Pennsylvania 15044.

12.     Varrasso consulted with Defendant's Home Depot employee C.J. Scheff ("C.J.") at their store in Allison Park, Pennsylvania, regarding the purchase of kitchen cabinets, and received estimates for the purchase of Décora cherry kitchen cabinets with a teaberry finish.

13.     Defendant's employee C.J. showed Varrasso an exemplar of the kitchen cabinet of cherry wood with a teaberry finish at its store in Allison Park, Pennsylvania.

14.     On April 10, 2016, based on reviewing the exemplar, Varrasso agreed to pay Defendants $22,561.61 for custom-made Decora cherry kitchen cabinets with a

teaberry finish that would be the same as the exemplar, that would meet specific measurements for her kitchen, and that would arrive in June of 2016.

15.    Defendants' designer C.J. Scheff assisted with the design of Varrasso's kitchen with the new cabinets she presented Plaintiff Varrasso with a schematic ("the Schematic") representing the cabinets that she had purchased.  The Schematic is attached as Exhibit "A".

16.    A copy of Customer Agreement No. 4152-218355 ("Agreement 1") is attached as Exhibit "B".

17.    On April 10, 2017, Plaintiff paid Defendants $22,561.61 for the kitchen cabinets.

18.    Owing to an alleged Computer Error or a software update Varrasso's order was cancelled out on April 15, 2016 and re-order was subsequently entered on April 29, 2016, at which time, unbeknownst to Varrasso the order was changed and the items making up the order were changed without Varrasso's authorization.  A copy of the second Customer Agreement No. H4152 – 2005 ("Agreement 2") is attached as Exhibit "C".

19.    At no time did Varrasso authorize or sign a change order for a change of the cabinet order.

20.    On or about June 1, 2016 Defendant Home Depot received the kitchen cabinets ("the Cabinets") at their Allison Park store and requested Varrasso accept the delivery at her residence.

21.    Varrasso informed the Defendant Home Depot to hold the cabinets because the construction of the kitchen had not reached the stage where the cabinets could be installed.

22.    Home Depot refused to hold the cabinets and threatened to charge $10.00 per box per day for storage fees threatening Varrasso with hundreds of dollars per day to force her to accept the cabinets.  As a result Varrasso accepted the cabinets and stored them in her garage without opening or inspecting them in order to protect them from damage.

23.    On or about August 4, 2016 Varrasso hired Sismour General Contractors to install the kitchen Cabinets.  Varrasso paid $900.00 to Sismour to install the Cabinets.

24.    Varrasso was not present when the cabinets were being installed because she had an appointment.

24.    When the installer noticed that the Cabinets did not match up with the schematic that was provided to Varrasso, he contacted Home Depot to solve the issue. The salesperson/designer C.J. sent a schematic plan via facsimile (Attached as Exhibit D) that was completely different from the original schematic that was provided and did not match the design that she had requested.

25.    Even with the new Schematic from Home Depot, the cabinetry that had been shipped did not match up with the new schematic and did not install correctly. There were missing pieces, extra pieces and pieces that simply did not match up to the

order form.  Among the missing items were wainscoting, Crown molding and a Kitchen hood.

26.     Once Varrasso arrived to inspect the progress, she noticed that the finish on the cabinetry was not the same as the exemplar or the cabinet finish that she requested.  Upon further inspection she was advised that the cabinetry was composed of Maple wood and not the Cherry wood that she had requested.  She also found that the cabinetry did not meet her original order and the schematic used to install the cabinets was completely different from the original and as a result the cabinets were not installed as she had original ordered and agreed with Home Depot.

27.     Varrasso immediately contacted Defendant Home Depot regarding the issues with the make and finish, design and missing and extra items contained in the Cabinets.

28.     While at Defendants' store in Allison Park, Pennsylvania, Defendants' employee, who upon information and belief is named Pamela Narvett, gave Varrasso the exemplar to take home and compare to the Cabinets.

29.     While comparing the exemplar to the Cabinets, Varrasso confirmed that the Cabinets did not have the same finish which was less smooth and had a less uniform color than the exemplar.

30.     Defendants representatives alleged that the difference in finish was a result of the aging process of the cabinet and alleged that over time the cabinets would be similar to the exemplar.

31. Thereafter, Defendants' employees, including Pamela Narvett (the department manager at Defendants' store in Allison Park, Pennsylvania), and a representative from Décora, physically inspected the Cabinets at Varrasso's home.

32. Defendants' employees made numerous visits to Varrasso's residence in Allegheny County, Pennsylvania, to physically inspect and to speak with her about the Cabinets.

33. Around that time, employees of both Defendants Decora and Home Depot continued to insist that Mrs. Varrasso order was correct and that she ordered Maple Wood Cabinets instead of Cherry indicating that the finish on the exemplar was the same as the cabinets delivered and that said exemplar was made of Maple and not cherry was the same exemplar as at Defendants' store in Allison Park, Pennsylvania, and telling her she had purchased the same kitchen cabinets as the exemplar.

34. Defendants' employees also represented to Varrasso on several occasions that she received what she ordered and they would not replace or supplement missing pieces to the kitchen despite the fact there were insufficient cabinets to complete the kitchen.

35. Varrasso requested that her cabinet installer dissect the original exemplar to determine its makeup. Upon cutting the Exemplar cabinet door, it was determined to be cherry wood.

36. In addition to the discrepancy in finish with the cabinets Varrasso also failed to receive all of her original order and received numerous items that were not part of her original order and could not be used.